UNITED STATES DISTRICT COURT
MASSACHUSETTS DISTRICT

04 11785 PBS

2004 AUG 13 P 12: 59

U.S. DISTRICT COURT
DISTRICT OF MASS

CAROL G. SALADINO, )
    Plaintiff, )
     )   COMPLAINT
v. )
     )
TRIMARK UNITED EAST, Inc. )
    Defendant, )

MAGISTRATE JUDGE _____ RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE _____

## COMPLAINT

### Parties

1. Plaintiff Carol G. Saladino is a natural person residing at 170 Bernice Avenue, Woonsocket, Rhode Island.

2. Defendant Trimark United East, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts with a usual place of business at 505 Collins Street, South Attleboro, Massachusetts.

### Facts

3. Plaintiff took the first day of absence under the Family and Medical Leave Act, 29 U.S.C. 2601 et seq., on August 11, 2003 due to hospitalization/illness for a two week period. See Exhibit 1

4. Defendant's representative Ms. Alice Cordeiro wrote plaintiff on August 13, 2003 that she would be required to provide a doctor's note upon her return that she could return to work full time without restrictions. See Exhibit 2

1

5. Defendant's representative Ms. Alice Cordeiro wrote plaintiff on August 14, 2003 stating that while she was absent from work under the Family and Medical Leave Act, she would not be authorized to use her Company car. See Exhibit 3

6. Defendant's representative Ms. Alice Cordeiro wrote plaintiff on September 2, 2003 informing her that she would be required to return to work by September 8, 2003 or her draw would be discontinued. See Exhibit 4

7. On September 8, 2003, plaintiff returned to work full time, informing one of her supervisors that the action was against the advice of her physician. See Exhbit 5

8. Plaintiff was required to be absent from work again for five days due to her physician's orders starting on September 24, 2003, an absence covered under the Family and Medical Leave Act., 29 U.S.C., 2601 et seq. See Exhibit 6

9. Plaintiff discovered on September 29, 2003 that while she was out on a Family and Medical Leave Act absence all her accounts had been transferred to other salespeople. See Exhibit 7

10. During the period in which the absence under the Family and Medical Leave Act took place, defendant miscalculated plaintiff's commission to the extent that it was necessary to reimburse her $2,312.00. See Exhibit 8.

11. Defendant reclaimed the company car and company and laptop computer that was at plaintiff's home on October 1, 2003. See Exhibit 9.

12. On October 29, 2003, plaintiff returned to work full-time with defendant, and was immediately demoted to an Inside Sales/Customer Service position

2

indefinitely, with a pay rate of less than the position she had been working in. See Exhibit 10

13. On October 29, 2003, upon plaintiff's return to defendant's workplace, she was threatened with statements which made it clear to her that her actions would be closely examined by defendant's personnel. See Exhibit 11.

14. From October 29, 2003 to December 4, 2003, plaintiff was harassed consistently and verbally abused by a number of defendant's personnel without cause. See Exhibit 12.

15. On December 4, 2003 plaintiff was forced to terminate her employment for reasons attributable to defendant's intentional and knowing harassment of plaintiff and the resulting stress and aggravation it resulted in during a period when an absence had been required under the Family and Medical Leave Act due to illness, and during a period after plaintiff had been demoted to a position with less earning potential and respectability in her career after having taken a required absence under the Family and Medical Leave Act. See Exhibit 13.

### Count One

### Family and Medical Leave Act

16. Plaintiff restates paragraphs 1-16 as fully set forth herein.

17. Plaintiff asserts that defendant has committed violations of the Family and Medical Leave Act, Title 29 USC §2601, et seq., cited at 29 C.F.R. §825, by demoting plaintiff to a position not virtually identical to her original position in terms of pay, benefits, working conditions and status.

3

18. Plaintiff asserts that defendant has committed violations of the Family and Medical Leave Act, Title 29 C.F.R. §825.215(a) by demoting plaintiff to a position not substantially equivalent to her original position in terms of skills, efforts, responsibility and authority.

19. Plaintiff asserts that defendant has committed violations of the Family and Medical Leave Act, Title 29 C.F.R. §825.215(a) by demoting plaintiff to a position not the same or substantially similar in terms of duties and responsibilities.

WHEREFORE, plaintiff requests compensation in the amount of

1) $465,000 in compensatory damages for violations of the Family and Medical Leave Act and loss of earning capacity for ten years.

2) $35,510 in compensatory damages for back pay decreased through violations of Family and Medical Leave Act from November 1, 2003 through date of termination.

3) Attorney's fees, interest and costs

4) Such other declarations and relief as the Court deems just.

By plaintiff's attorney,

_____
Brian T. Hatch, Esq
Massachusetts Board of Bar Overseers
#544044
8 North Main Street  Suite 403
Attleboro, MA  02703

Dated: August 10, 2004

4

**%JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
*[handwritten]*

### DEFENDANTS
*2004 AUG 13 P 12:19*

(b) County of Residence of First Listed Plaintiff **Providence, RI** ~~Bristol~~
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Bristol, MA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
**Brian T. Hatch  8 North Main St.
Attleboro, MA 02703
(508) 222-6400**

Attorneys (If Known)

*04-11785-PBS*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
**Family and Medical Leave Act  29 U.S.C. 2601 et seq.**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **500,510**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE *[signature]*
DOCKET NUMBER

DATE **8/10/04**
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Saladino v. Trimark United__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [✓] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [✓] V.   150, 152, 153.

   *Stamped: FILED / 2004 AUG 16  P 4: 17 / U.S. DISTRICT COURT / DISTRICT OF MASS*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [✓]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Attorney Brian T. Hatch__

ADDRESS __8 North Main Street  Suite 403__

TELEPHONE NO. __508-222-6400__

(Coversheetlocal.wpd - 10/17/02)