IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAROL G. SALADINO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRIMARK UNITED EAST, INC., )<br>)<br>Defendant. )<br>) | CASE NO. 04-11785 PBS |

## ANSWER AND SEPARATE DEFENSES OF DEFENDANT, TRIMARK UNITED EAST, INC. TO PLAINTIFF'S COMPLAINT

Defendant TriMark United East, Inc. ("TriMark"), by its attorneys, Morgan, Lewis & Bockius LLP, hereby responds to the numbered allegations in the Complaint of Carol G. Saladino ("Plaintiff") as follows:

### PARTIES

1. TriMark admits that Plaintiff is a natural person and that its records reflect Plaintiff's last known address as identified in Paragraph 1.

2. Denied in part. By way of further answer, TriMark is incorporated in the State of Rhode Island and maintains its principle place of business at 505 Collins Street, South Attleboro, Massachusetts.

### FACTS

3. TriMark admits that Plaintiff was absent from work on August 11, 2003, and faxed TriMark a letter dated August 12, 2003 from Plaza Psychology & Psychiatry, Inc. stating that she would not be able to "fulfill her work duties for the upcoming two weeks," and was

thereafter granted leave pursuant to the Family and Medical Leave Act ("FMLA"). TriMark is without knowledge or information sufficient to form a belief that Plaintiff was hospitalized at that time. The allegations that Plaintiff's absences were "under the Family and Medical Leave Act" constitutes a conclusion of law to which no responsive pleading is required.

4. Insofar as Paragraph 4 refers to a writing that speaks for itself, no responsive pleading is required. To the extent that allegations are construed with, or different from, the actual written document, the allegations are denied.

5. Insofar as Paragraph 5 refers to a writing that speaks for itself, no responsive pleading is required. To the extent that allegations are construed with, or different from, the actual written document, the allegations are denied.

6. Insofar as Paragraph 6 refers to a writing that speaks for itself, no responsive pleading is required. To the extent that allegations are construed with, or different from, the actual written document, the allegations are denied. By way of further answer, Ms. Cordeiro informed Plaintiff that "should your absence extend beyond your return date of September 8, 2003 we will have to discontinue your draw due to the fact that you would have exhausted the amount in your commission bank." TriMark denies that it told Plaintiff she was "required" to return to work by September 8, 2003.

7. Admitted in part and denied in part. TriMark admits that Plaintiff returned from her first FMLA leave on September 8, 2003. TriMark denies the remaining allegations in Paragraph 7.

8. TriMark admits that it received a letter from Plaza Psychology & Psychiatry, Inc. dated September 23, 2003, stating that she would not be able to perform her work duties for five days, and that she was granted leave pursuant to the FMLA. The allegations that Plaintiff's

absences were "under the Family and Medical Leave Act" constitutes a conclusion of law to which no responsive pleading is required. TriMark denies the remaining allegations of Paragraph 8.

9. TriMark is without knowledge or information as to when Plaintiff "discovered" the facts she alleges in Paragraph 9. By way of further answer, TriMark admits that during Plaintiff's leave, it had other sales representatives service Plaintiff's clients. The allegations that Plaintiff's absences was "a Family and Medical Leave Act absence" constitutes a conclusion of law to which no responsive pleading is required.

10. Denied as stated. TriMark admits that it miscalculated the amount of money remaining in Plaintiff's Commission Bank and placed $2,312.00 back in her Commission Bank on October 7, 2003. The allegations that Plaintiff's absences were "under the Family and Medical Leave Act" constitutes a conclusion of law to which no responsive pleading is required.

11. Denied.

12. TriMark admits that Plaintiff returned to work on October 29, 2003. TriMark denies the remaining allegations of Paragraph 12.

13. Denied.

14. Denied.

15. TriMark admits that Plaintiff voluntarily resigned on December 4, 2003. TriMark denies that Plaintiff was forced to terminate her employment, and denies the remaining allegations of Paragraph 15. The allegations that Plaintiff's absences were "under the Family and Medical Leave Act" constitutes a conclusion of law to which no responsive pleading is required.

## COUNT I
## Family And Medical Leave Act

16. TriMark hereby repeats and reaffirms its responses to the previous paragraphs as if set forth fully herein.

17. The allegations in Paragraph 17 solely constitute conclusions of law to which no responsive pleading is required. To the extent that any answer is required, the allegations of paragraph 17 are denied.

18. The allegations in Paragraph 18 solely constitute conclusions of law to which no responsive pleading is required. To the extent that any answer is required, the allegations of Paragraph 18 are denied.

19. The allegations in Paragraph 19 solely constitute conclusions of law to which no responsive pleading is required. To the extent that any answer is required, the allegations of Paragraph 19 are denied.

WHEREFORE, TriMark denies that Plaintiff is entitled to the requested relief and respectfully requests:

(1) that Plaintiff take nothing by this action;

(2) that judgment be entered in favor of TriMark and against Plaintiff on all causes of action;

(3) that TriMark be awarded its costs of suit herein incurred;

(4) that TriMark be awarded its attorneys' fees; and

(5) that the Court award TriMark such other and further relief as it deems proper.

## SEPARATE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims fail because she cannot prove that she suffered an adverse employment action or that she was constructively discharged.

3. To the extent Plaintiff has failed to take reasonable steps to mitigate her damages, her claims are barred or her remedies diminished.

4. Damages, if any, sustained by Plaintiff were solely and proximately caused by Plaintiff's own neglect, reckless, or intentional conduct.

5. Punitive damages are unavailable against Defendants because they made a good faith effort to comply with the law.

6. TriMark hereby reserves its right to assert additional defenses as discovery proceeds.


Respectfully submitted,

TRIMARK UNITED EAST, INC.
By Its Attorneys,

Jeffrey W. Moss, BBO# 552421
Morgan, Lewis & Bockius LLP
225 Franklin Street, Suite 1705
Boston, Massachusetts 02110
Tel:   617.451.9700

Richard G. Rosenblatt (*Pro Hac Vice* -- pending)
Eric S. Lasky (*Pro Hac Vice* -- pending)
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, New Jersey 08540-6241
Tel:   609.919.6600

Dated: September 7, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Answer and Separate Defenses of Defendant TriMark United East, Inc. to Plaintiff's Complaint* has been sent *via* Federal Express delivery to the following counsel of record on September 7, 2004.

> Brian T. Hatch Esq.
> 8 North Main Street
> Suite 403
> Attleboro, Massachusetts   02703

/s/ Jeffrey W. Moss

1-BO/100357.1